952 F.2d 409
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 SUN REFINING AND MARKETING COMPANY, Plaintiff-Appellant,
v.
GENERAL ELECTRIC COMPANY, Defendant-Appellee.
 No. 91-5000.
 United States Court of Appeals, Tenth Circuit.
 Jan. 15, 1992.
 
 Before McKAY, Chief Judge, and McWILLIAMS and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant Sun Marketing Company (Sun) appeals from the district court's grant of partial summary judgment in favor of Defendant-appellee General Electric Company (GE). GE sold a gas turbine engine to Sun and installed it in Sun's Tulsa Oklahoma refinery in 1959. For the following thirty years, GE periodically inspected and serviced the turbine. On one such occasion, July 4-12, 1986, GE performed a "hot gas path inspection" and related repairs. Sun subsequently brought this diversity action, seeking, inter alia, consequential damages for the refinery process shut-down time allegedly caused by GE's deficient repair work. GE moved for partial summary judgment, contending that the service contract expressly relieved it from liability for consequential damages as allowed by Oklahoma law. The district court agreed, and granted partial summary judgment on the consequential damages issue only. See Sun Refining & Marketing Company v. General Electric Company, No. 88-C-13-E, unpub. order (N.D.Okla. Sept. 10, 1990). We affirm.
 
 
 2
 We review the summary judgment determination de novo, and we use the same standard as the district court. Osgood v. State Farm Mut. Auto Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Factual disputes about immaterial matters are irrelevant to a summary judgment determination. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We view the evidence in a light most favorable to the nonmovant; however, it is not enough that the nonmovant's evidence be "merely colorable" or anything short of "significantly probative." Id. at 249-50. The movant need only point to those portions of the record which demonstrate an absence of a genuine issue of material fact given the relevant substantive law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Finally, we afford no deference to the district court's interpretation of Oklahoma contract law. Salve Regina College v. Russell, 111 S.Ct. 1217 (1991).
 
 
 3
 The following facts are undisputed; Sun disputes only their "significance." Sun's Reply Brief at 3. On June 27, 1986, GE sent Sun a typewritten letter with attached quotation detailing the services to be performed. Sun's app. at 78-84. The quotation contains boilerplate provisions which relieve GE from consequential damages, expressly condition acceptance on GE's terms, and allow for acceptance by direction of performance. Id. at 80. On July 3, 1986, in receipt of GE's quotation, Sun gave GE a purchase order number and directed GE to begin the service immediately. GE began performance the next day, July 4, and concluded on July 12. In the meantime, on July 10, Sun sent the actual purchase order which did not contain an exemption for consequential damages. This was the first written communication from Sun to GE, and GE received it on July 14, after performance was complete.
 
 
 4
 Sun contends that at the time it directed GE to perform, GE knew by course of dealing that Sun did not intend to be bound by GE's consequential damages limitation. As support, Sun directs us to deposition testimony indicating that GE knew that Sun's standard purchase orders lacked any provision regarding consequential damages and that GE solicited a purchase order. Accordingly, Sun argues that its agreement to be bound by the consequential damages limitation in GE's offer presents a material factual dispute. Furthermore, Sun argues that it did not expressly waive consequential damages as allegedly required by Oklahoma law.
 
 
 5
 Sun has not adduced adequate summary judgment evidence to overcome the motion for partial summary judgment. Although we view the summary judgment evidence in a light most favorable to Sun, the nonmovant, its evidence must be "significantly probative." Liberty Lobby, Inc., 477 U.S. at 249-50. GE has adduced uncontroverted evidence which indicates that Sun directed performance, a mode of acceptance specifically provided for in the offer and allowed for under contract law. See Restatement (Second) of Contracts § 50 (1981) ("Acceptance of an offer is a manifestation of assent to the terms thereof made by the offeree in a manner invited or required by the offer."). We do not think that GE's general knowledge of Sun's standard purchase order is "significantly probative" of a course of dealing which would indicate that the direction to perform was anything other than an acceptance of the unambiguous terms of the offer.
 
 
 6
 Furthermore, we find no support for Sun's bold assertion that Oklahoma law requires an express waiver of consequential damages. Sun cites Okla.Stat.Ann. tit. 23, § 21 (West 1987) and Ferrell Construction Co. v. Russell Creek Coal Co., 645 P.2d 1005 (Okla.1982) for this proposition, but neither source even remotely alludes to such a rule. Accordingly, GE is entitled to judgment as a matter of law on the consequential damages issue.**
 
 
 7
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 **
 Sun makes several other arguments, none of which merits relief